[Crim. No. 674.   In Bank. — March 8, 1901.]

## Ex parte GEORGE WALKER, on Habeas Corpus.

CRIMINAL LAW — EMBEZZLEMENT — DEFECTIVE JUDGMENT — HABEAS CORPUS — CUSTODY OF PRISONER. — A prisoner who has been properly held to answer upon a charge of embezzlement, and has been tried and convicted under an information upon such charge, is not entitled to be discharged upon *habeas corpus* by reason of the entry of a defective judgment, which is meaningless; but the sheriff is entitled to the custody of the prisoner, under the proceedings had prior to the judgment. A proper judgment should be entered, and the custody of the prisoner disposed of by order of the superior court.

HABEAS CORPUS in the Supreme Court to test the validity of a judgment of the Superior Court of the City and County of San Francisco.   Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

George D. Collins, for Petitioner.

Tirey L. Ford, Attorney-General, for Respondent.

BEATTY, C. J.—This is a proceeding by *habeas corpus*, in behalf of the defendant in the case of *The People* v. *George Walker*, just decided.

The facts developed at the hearing in this case differ in some particulars from those shown by the record in the appeal. In his petition the prisoner alleged that he was unlawfully detained in the custody of the sheriff of San Francisco, upon the sole authority of a so-called judgment of conviction, a copy of which was set out, and as set out is so defective as to be scarcely intelligible. The facts as disclosed at the hearing are, that the prisoner was held to answer by one of the police judges of San Francisco on a charge of embezzlement. Thereafter an information accusing him of that offense was duly filed by the district attorney, upon which he was tried and convicted. The clerk of the superior court then proceeded to enter the judgment according to the practice which seems to have obtained in that office. There was, it appears, a set of rubber stamps, from one of which the clerk would print a blank on a page of the minute-book, and then fill it out with the proper names, dates, and other particulars. In this case the impression made by the stamp was very defective, being illegible in places, and the blanks also were not properly filled out,—the result being a judgment so maimed and defective as to be, in itself, meaningless.

If, therefore, it had been true that the sheriff held the petitioner without other authority than this defective record, it would, perhaps, have been necessary to order his discharge. But the sheriff is justified in holding the prisoner under the original commitment by the police judge and the subsequent proceedings in the superior court prior to judgment. If no judgment has been entered, the simple result is, that one should be entered when duly rendered, and when entered, it will dispose of the question of petitioner's lawful custody.

In pursuance of the order which we have just made in the appeal case, remanding the cause to the superior court, orders can now be made which will result either in the discharge of the petitioner, or his detention pending other proceedings, or his commitment to the state prison. In the mean time he is remanded to the custody of the sheriff.

McFarland, J., Henshaw, J., Van Dyke, J., and Garoutte, J., concurred.